LANDRIEU, J.,
concurs with reasons.
b The parties entered into a valid and enforceable compromise when the agreement between them was read into the record in open court in a manner which was “susceptible of being transcribed from the record of the proceedings.” La. C.C. art. 3072. However, when their compromise was reduced to a written judgment and signed by the court, the judgment of the court was binding on the parties, notwithstanding that one or more of the parties consider the written judgment to be inconsistent with their compromise. The terms of the judgment could be modified in the trial court only through the procedural rules set forth in Chapter 4 of the Code of Civil Procedure which provides a remedy to the parties through a motion for a new trial or an action in nullity. As neither party pursued any such modification, the judgment signed by the court was enforceable as written.[1]
Judgments, like all other contracts, are subject to the rules of construction. Ortega v. State, Dep’t of Transp. & Dev., 96-1322, p. 7 (La.2/25/97); 689 So.2d 1358, 1363. When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties’ intent. La. Civ.Code Ann. art.2046. The judgment at issue here ^memorializes a compromise. To the extent that this judgment may be susceptible of more than one interpretation, the trial court did not err by considering the intent of the parties as expressed in the transcript of the compromise reached between the parties.
I find no error in the trial court’s conclusion that the defendant satisfied the judgment prior to the writ of fifa being issued. Accordingly, I concur in the. result reached by the majority.

. I pretermit a discussion of the whether the October 17th judgment was a final, appeal-able judgment as contemplated by La. C.C.P, art 1911, et seq. and 2082 et seq.